On appeal, the following opinion was delivered : — ■
De Saussure, Chancellor.
This was a bill filed to obtain an injunction to restrain the defendant at law from committing waste by cutting off timber from the land in question, pending an action of trespass to try title at law, brought by plaintiff, Kinsler, against defendant, Clarke. It was alleged that the chief value of the land consisted in the timber which the defendant was cutting down : and that he was insolvent, and not able to answer in damages for the injury done.
These allegations were sustained by affidavits. The answer denied the insolvency.
The claim of both parties to the title was set forth in the pleadings, and the Chancellor on the Circuit, to put an end to litigation and the multiplicity of suits, made a decree on the question of right. But as this Court is unwilling to decide on the question of title, which is pending in a suit at law, it will make no decree on the appeal on that ground, but will leave the parties to the litigation of the title in the Court of Law, to which the Court remits them.
The only question, then, for the judgment of the Court, is on the *6291 aPPe£d ft’om decree of the Chancellor granting an injunction Restraining the defendant at law from cutting down timber on the land in dispute, until the question of right should be decided.
The appeal made was on the ground, that in a mere case of trespass, no injunction ought to be granted.
On a careful examination of the decree of the Chancellor on the Circuit, I concur entirely with him, in directing an injunction to be issued in *475 this case. He has placed the interposition of the Court, for the protection of the land in question from irreparable injury, for which the remedy would be doubtful and uncertain, on the true grounds : and I concur entirely with him. Nor is this doctrine and practice new in England or in this country.
In analogous cases, this branch of preventive justice is freely administered in England, and in this State several important decisions have been made in the same spirit.
The case of Brookes & Marsh from Edgefield (Col. MS. cases), was decided on great argument, in which the Circuit Court granted an injunction pendente lite to restrain a party in possession from cutting off the timber from a tract of land valuable almost wholly for its timber ; and he was alleged on affidavits to be insolvent and incapable of answering in damages. And this decree was solemnly affirmed.
It is ordered that the decree on this point be affirmed, and* the injunction continued.
Appeal on this point dismissed.
Chancellors Johnson, Harper, and Johnston, concurred.